**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNIS EMERSON GONZALEZ,

    Defendant - Appellant.

No. 24-6050
(D.C. No. 5:04-CR-00179-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

A jury convicted Dennis Gonzalez in 2004 of numerous counts in a 79-count

superseding indictment related to his role in a conspiracy to distribute illegal drugs,

including methamphetamine. The district court sentenced him to 360 months'

imprisonment. In December 2023, he brought a motion seeking compassionate

release under 18 U.S.C. § 3582, but the district court denied the motion.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Gonzalez, proceeding pro se,[1] now appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the denial of the § 3582 motion.

## BACKGROUND

After Mr. Gonzalez's conviction, the Presentence Investigation Report calculated a total offense level of 46 and a criminal history category of I, resulting in a recommendation of life imprisonment under the Sentencing Guidelines.  The court sentenced Mr. Gonzalez to 360 months' imprisonment.[2]

Mr. Gonzalez filed the instant[3] § 3582 motion in December 2023, arguing three circumstances presented an extraordinary and compelling reason to reduce his sentence.  He argued (1) his sentence was unusually long because his Guideline range was based on a 10-to-1 drug ratio for actual methamphetamine and methamphetamine mixtures, (2) his health conditions and the alleged mismanagement of COVID-19 by the Bureau of Prisons put him at a high risk of developing severe symptoms, and

---

[1] "Because [Mr. Gonzalez] appear[s] pro se, we liberally construe his pleadings.  Nevertheless, he . . . must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (internal citation omitted).  And in the course of our review, "[w]e will not act as his counsel, searching the record for arguments he could have, but did not, make." *Id.*

[2] This court substantially affirmed Mr. Gonzalez's conviction on direct appeal but remanded for re-sentencing on one count. *See United States v. Gonzalez*, 238 F. App'x 350, 356 (10th Cir. 2007).  On remand, the district court altered some of the provisions of its judgment related to the supervised release terms, but the 360-month sentence remained in effect.

[3] This is Mr. Gonzalez's second § 3582 motion.  Mr. Gonzalez filed his first § 3582 motion in 2022, asserting COVID-19 presented an extraordinary and compelling circumstance justifying compassionate release, but the district court denied that motion, and that judgment is not before this court on appeal.

2

(3) the COVID-19 pandemic subjected him to harsher conditions of confinement. The district court denied the motion. The court rejected reasons 2 and 3 because Mr. Gonzalez was vaccinated and any conditions he faced were common to all inmates and therefore not extraordinary.

The court rejected reason 1 for two reasons: first, it concluded "any disparities in the methamphetamine-related sentencing guidelines cannot fairly be described as an extraordinary and compelling circumstance given that the guidelines apply to all offenders." R. vol. 1 at 200. Second, even if Mr. Gonzalez received the four-offense-level reduction he sought in his § 3582 motion based on the alleged unfairness in the method the Guidelines used to calculate the methamphetamine amount, his sentence would not change. The district court also concluded that, to the extent his motion requested § 3582 relief on the basis of Amendment 782 or Amendment 821 to the Sentencing Guidelines, Mr. Gonzalez was ineligible for a sentence reduction under either amendment.

This appeal followed.

## DISCUSSION

"We review a district court's order on a motion for compassionate release for abuse of discretion." *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024). On appeal Mr. Gonzalez no longer presses the second and third reasons for compassionate release he argued before the district court. Instead, he focuses entirely on his first reason: the alleged disparity in the Guidelines related to methamphetamine amounts. He argues "the change in sentencing ratio[] coupled

3

with the Sentencing Commission's retroactive application of Amendments 782 and 821 would have resulted in at least a two level but more likely four level reduction to the [G]uideline level determined at sentencing to be applicable." Aplt. Opening Br. at 12.

But a four-level reduction from Mr. Gonzalez's previously calculated offense level of 46 would result in an offense level of 42, for which the Guidelines range is 360 months – life imprisonment. Mr. Gonzalez's 360-month sentence is at the bottom of this range. So, even assuming the correctness of Mr. Gonzalez's argument regarding the methamphetamine disparity, his sentence would remain unchanged.[4] The district court therefore did not abuse its discretion when it concluded he failed to demonstrate a sufficiently extraordinary and compelling circumstance warranting a sentence reduction.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[4] Mr. Gonzales does not argue in his opening brief for a reduction below the 360-month minimum under § 3582(c)(1), and we will not make such an argument for him. *See Requena*, 893 F.3d at 1205.